Loveland agt. Atwood.

———◆———

# SUPREME COURT.

### DWIGHT LOVELAND, appellant agt. ELISHA N. ATWOOD, respondent.

A *notice of appeal* from a justice's judgment, under § 371 of the Code, which specified the following grounds, was *held insufficient,* to require an offer from the respondent, to wit: 1st. That the justice had not jurisdiction of the case, because the parties were tenants in common of the subject matter.

2d. The justice erred in allowing plaintiff for hay, as the defendant furnished all the hay necessary to winter out the stock.

3d. The damages were excessive.

4th. There was no evidence to warrant a judgment for the plaintiff above $5.

5th. The justice erred in receiving in evidence the written contract.

6th. The defendant demands a new trial, because the claim of each party in his pleadings was above $50, and the judgment is above $50:

7th. That the case was without evidence to sustain a judgment for $79.

A *notice* purporting to state the *grounds of appeal* without intimation of further claim, does not *require an offer* from the respondent at his peril, even though some one or more of the grounds of appeal might be construed into a sufficient demand for a modification, had that purpose been pointed out (POTTER, *J. dissented.*)

*Fourth Judicial District General Term July,* 1866.

*Before* BOCKES, JAMES, ROSEKRANS *and* POTTER, *Justices.*

APPEAL from an order of a county judge.

This cause arose in a justice's court, and on its trial there a verdict was rendered for the plaintiff for $79. The defendant appealed, and on the trial in the county court the plaintiff had a verdict for but $39. Each party presented a bill of costs for adjustment. The clerk allowed the plaintiff's bill and disallowed the defendant's. The defendant appealed to the county judge, and he reversed the decision of the clerk, and ordered that the defendant's costs be adjusted and inserted in the judgment, and that plaintiff's costs be

disallowed.    From this order of the county judge comes this appeal.

The notice of appeal from the justices' court to the county court, did not claim that the judgment appealed from should have been more favorable to the defendant.    It assigned the following grounds of error:

1. That the justice had not jurisdiction of the case, because the parties were tenants in common of the subject matter.

2. The justice erred in allowing plaintiff for hay, as the defendant furnished all the hay necessary to winter out the stock.

3. The damages were excessive.

4. There was no evidence to warrant a judgment for the plaintiff above $5.

5. The justice erred in receiving in evidence the written contract.

6. The defendant demands a new trial, because the claim of each party in his pleadings was above $50, and the judgment is above $50.

7. That the case was without evidence to sustain a judgment for $79.


J. MAGONE, *for plaintiff.*
D. MAGONE, JR., *for defendant.*


*By the court,* JAMES, J.   By section 371 of the Code, as amended in 1864, costs are allowed to the prevailing party in judgments rendered on appeal in county courts in all cases, except as therein specified.   The plaintiff was the prevailing party, and was entitled to costs on the appeal in this case, unless it comes within some of the exceptions.

To secure an appellant the advantages given by section 371, in case he reduce the recovery below, his notice of appeal must state the particular, or particulars wherein he claims the judgment below should have been more favorable to him, in which case the respondent must, within fifteen days, serve an offer in writing to allow the judgment to be corrected in the manner mentioned in such notice, or the appellant will

be entitled to costs, if the judgment of the appellate court is more favorable than the judgment below.

In this case no offer was made, the judgment on the appeal was more favorable to the appellant than the judgment below, and therefore the only question is, whether the notice was sufficient to require an offer from the respondent.

In *Wallace* agt. *Patterson* (29 *How.* 170), we overruled so much of the case of *Fox* agt. *Nellis* (25 *How.* 144), as held that the statement in a notice of appeal " that the judgment below is for too large a sum," was a sufficient compliance with the requirements of section 371 of the Code, and approved of the rule in *Forsyth* agt. *Ferguson* (27 *How.* 69), that " the notice of appeal should indicate clearly to the respondent the particulars in which the judgment should be modified; that it should specify, separate or distinguish, in a tangible form, the changes demanded, so that the respondent might know and comprehend what was asked; that terms of a general nature were not sufficient." And we further held, that where the appellant desired to avail himself of the advantages of section 371, if more successful on the appeal than in the court below, his notice should point out in plain, clear and specific language, the particulars wherein a modification was demanded, so that the respondent could know precisely what was claimed. In a recent case, *Gray* agt. *Hannah* (30 *How.* 155), the court went even further, and held, that " unless such a specification is made by the appellant, the respondent is not bound to make an offer."

A notice of appeal is the preliminary step to remove a cause from a justices' court into the county court. By section 353 of the Code, such notice is required to state the grounds for appeal and the error complained of. If it do so, and complies with the other requirements of the Code, the cause is transferred to the appellate court. If it is a ground of complaint that the judgment is for too much, or should in any particular be made more favorable, and the respondent desired to consent to such modification, under the penalty of paying costs if he do not, and the recovery is reduced, the notice, by the requirement of section 371, should set

forth the particulars wherein the modification is desired. The notice of appeal is thus made to perform a double office, and where that is desired, the double purpose should be made distinctly to appear. A notice purporting only to state the grounds of appeal, without intimation of further claim, does not require an offer from the respondent at his peril, even though some one or more of the grounds of appeal, might be construed into a sufficient demand for a modification had that purpose been pointed out.

The intent of that particular provision of section 371, was to give parties an opportunity, if so disposed, to correct an unfair or unjust judgment, at their own option and without further litigation or expense. In *Forsyth* agt. *Ferguson* (*supra*), the court said, " the statute should be so construed as to render it a valuable and practical improvement; and unless the appellant is required to do something more than merely allege error as his ground of appeal, the statute becomes a trap and a snare, and defeats the object of its enactment." It is therefore but just and right, to require the appellant, in order to avail himself of this provision of the Code, fully to comply with all its requirements, and point out in his notice the particulars wherein modification is claimed, and in such a manner as to indicate that a reduction of the judgment is demanded. As was said in *Gray* agt. *Hannah* (*supra*), " a party who seeks to throw upon his adversary the hazard of further litigation, should take his ground and put the opposite party on his guard in clear, explicit and not doubtful language, in his notice of appeal."

The last legislature, in part, remedied the uncertainty of this section by an amendment, requiring appellants, if they intend to claim that the judgment is less favorable to them in amount than it should have been, to state what should have been its amount.

In this case the notice contained no specifications, other than stated, as grounds of appeal. No intimation was given that the judgment was claimed as more unfavorable than it should have been, if the respondent was to have judgment at all. The general feature of the notice of appeal was that

Loveland agt. Atwood.

the judgment below was erroneous and without evidence to support it, but that went to the whole judgment and not to a modification. The notice no where pointed out, or particularized, wherein the judgment should have been more favorable to the appellant. The ground *first* taken in the notice of appeal is to the jurisdiction; the *fifth* to error in admitting certain testimony; the *sixth* and *seventh* that the judgment was without evidence to support it, and all these are for reversal, go to the whole judgment and not to its modification. The *third* ground of error is, that the judgment was excessive; and the *fourth*, that there was not any evidence to warrant a judgment for plaintiff for a sum exceeding $5. These were too general; in neither is anything particularized whereby the plaintiff could determine what was intended; it was not conceded that plaintiff was entitled to a judgment for $5, or asserted that all above that sum was unjust. The *second* ground of appeal comes nearest to the requirements of section 371 of any; it alludes to an article as improperly allowed, but does not assert that it was allowed, or the extent of such allowance, or state how much should be the modification.

There was not, therefore, in this notice of appeal, sufficient to require an offer for a modification of the judgment from the respondent.

The plaintiff was the prevailing party on the appeal; the case was not within any of the exceptions to his recovery of costs, and he was therefore entitled to his costs of the action.

The order of the county judge is reversed, with $10 costs of this appeal, and $10 costs of appeal before the county judge.

POTTER, J., dissented.